UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| ANTHONY PRITCHETT, | ) | |
| # 681327, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:12-cv-008 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MARY BERGHUIS, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner violated the terms of his probation. His petition challenges the sentence that the court imposed on his second-degree criminal sexual conduct conviction after it revoked his probation. On October 5, 2009, the court sentenced petitioner to 100 months to fifteen years' imprisonment, with credit for time served.

After unsuccessful attempts to overturn his sentence in state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas corpus relief on grounds rejected by Michigan's courts:

I.    [T]he court erred in scoring ten points for the extreme psychological injury under OV 4 which placed petitioner in a higher sentencing grid under the Michigan's sentencing guidelines.

II.   The trial court erred in scoring fifty points under OV 11 for multiple penetrations arising out of the sentencing offense since there was only one sexual incident that occurred between petitioner and the victim in the basement of the victim's home.

III.  The court failed to find substantial verifiable factors justifying an upward departure from the sentencing guidelines.

IV.    Petitioner was denied his Sixth Amendment right to effective assistance of counsel where his trial attorney failed to investigate, failed to prepare for sentencing by not producing conflicting documents and new case law to the court to ensure that petitioner would be sentenced on accurate information, and failed to challenge the assessment under PRV 5 where prior uncounseled misdemeanors were being scored.

V.    Petitioner's rights under the Fourteenth Amendment's Due Process clause were violated where the trial court improperly considered petitioner's prior uncounseled misdemeanor convictions.

VI.    Petitioner's rights under the Fourteenth Amendment's Due Process Clause were violated because he was sentenced on the basis of inaccurate information where the trial court improperly assessed ten points under OV 4 and fifty points under OV 11, when new case law strictly prohibited scoring the variables.

VII.    Petitioner was denied his Sixth Amendment right to the effective assistance of appellate counsel where his appellate counsel failed to raise "strong, critical issues."[1]

(Petition at 2-3, ECF No. 1, PageID.2-3).

Respondent argues that the petition should be denied because all grounds raised by petitioner lack merit. (Answer at 23-59, ECF No. 12, PageID.87-123). In addition, petitioner argues that Ground III is barred by procedural default. (*Id.* at 9, 27-32 PageID.73, 91-96).

Judge Bell has referred the matter to me for all purposes, including the issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the

---

[1] The extraordinary remedy of habeas corpus lies only for a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's reference to the Michigan constitution has been disregarded because it cannot provide a basis for granting federal habeas corpus relief.

Rules Governing Section 2254 Cases in the District Courts.  After review of the state-court record, I conclude petitioner has not established grounds for federal habeas corpus relief.  Petitioner has not shown that the state court decisions rejecting the grounds raised in the petition "were contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or were  "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]."  28 U.S.C. § 2254(d). I recommend that the petition be denied on the merits.[2]

## Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted).  "AEDPA requires heightened respect for state court factual and legal determinations."  *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006).  "State-court factual findings [] are presumed correct; the petitioner has the burden of

---

[2]Both the Supreme Court and the Sixth Circuit have indicated that this Court has discretion to ignore a procedural default and proceed directly to the merits of an apparently defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural default question.  *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Bales v. Bell*, 788 F.3d 568, 573 (6th Cir. 2015); *Scott v. Houk*, 760 F.3d 497, 506 (6th Cir. 2014).  In the present case, the grounds raised by petitioner are meritless, so a detailed analysis of the complicated procedural default issues is unnecessary.

rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied.   28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).  AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).  Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court.").  "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.*  (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief

-5-

under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

## Proposed Findings of Fact

### A.      Circuit Court Proceedings

Petitioner was charged with two counts of first-degree criminal sexual conduct, one count of second degree criminal sexual conduct, one count of third-degree criminal sexual conduct, and one count of accosting a child for immoral purposes. (ECF No. 25).

On February 11, 2008, petitioner, pursuant to a plea agreement (ECF No. 26), entered a plea of no contest to the second-degree criminal sexual conduct charge and a plea of guilty to violating the terms of his probation. In exchange for his plea, the other criminal sexual conduct charges and the charge of accosting a minor for immoral purposes were dismissed. On April 4, 2008, Judge Michael Cherry sentenced petitioner

to twelve months in jail, with credit for time served, and sixty months' probation. (ECF No., 15-1, PageID.161-62; ECF No. 27, 28).

On August 12, 2009, Judge O'Grady conducted a probation violation hearing. (ECF No. 19). Petitioner was charged with six probation violations. Pursuant to a plea agreement, in exchange for admitting two probation violations, the remaining counts would be dismissed, and petitioner's sentencing on his second-degree criminal sexual conduct conviction would be held in the future. (*Id.* at 4-5). Petitioner was placed under oath. He testified that he knew the rights that he was giving up by pleading guilty. Petitioner admitted that on January 23, 2009, he kicked Ms. Jackie Saylor several times in violation of term 21 of the probation order, which prohibited petitioner from engaging in assaultive, abusive, threatening and/or intimidating behavior. (*Id.* at 6-11). Petitioner admitted that, on February 9, 2009, he hit Ms. Saylor in the face with his hand in violation of term 21 of the probation order. (*Id.* at 11-13). Judge O'Grady found that petitioner's plea was knowing and voluntary and found him guilty of the probation violations. (*Id.* at 13-18).

On October 5, 2009, Judge O'Grady conducted a sentencing hearing. (Sentencing Transcript (ST), ECF No. 20). Judge O'Grady considered the briefing that had been provided regarding sentencing issues. He noted that on April 4, 2008, Judge Cherry had advised petitioner at the time of sentencing that, if he violated the terms of probation, he could be sentenced up to the maximum of fifteen years as provided by statute. (ST, 7). Petitioner had no objection to being placed on probation. (ST, 7). Further, Judge O'Grady noted that petitioner had also been advised at the time of his

arraignment on the probation violation and at the time of his plea that he could receive the maximum possible on his second-degree criminal sexual conduct conviction. (ST, 7-8).

During the sentencing hearing, petitioner's attorney objected to the scoring of OV 4 under Michigan's sentencing guidelines. Judge O'Grady overruled the objection and found that the ten points for the serious psychological injury suffered by the victim was appropriate. (ST, 11-15; *see also* Presentence Investigation Report at 4, ECF No. 15, PageID.141).

Petitioner's attorney objected to the scoring of OV 11. The judge overruled the objection. He observed that the score for OV 11 would be 50 points if there were two or more criminal sexual penetrations. Judge O'Grady found that the record showed three or more criminal sexual penetrations. (ST, 15-22). The judge granted petitioner's attorney's motion with regard to OV 13 and gave a petitioner a score of zero on that variable. (*Id.*).

Judge O'Grady noted that petitioner's crime was a Class C crime for a crime against a person, and that his offense variable score was 80. This placed petitioner on the C6 level of the grid, which would result in a minimum guideline range of 43 to 86 months. (ST, 24). The judge heard argument from petitioner's attorney and the assistant prosecutor regarding petitioner's sentence. (ST, 24-31). The court invited petitioner to identify anything that he would like the court to consider before imposing its sentence. Petitioner read from his prepared statement. (ST, 31-35).

Judge O'Grady noted that petitioner gave a sexually transmitted disease to a fourteen-year-old victim that she would have to live with the rest of her life. (ST, 37). He then cited a decision of the Michigan Court of Appeals finding that, under similar facts, "where a live-in boyfriend had sex with a teenage girl of his live-in girlfriend, giving her a sexually transmitted disease," there were substantial and compelling reasons for an upward departure from the sentencing guidelines.[3]  (ST, 37-38). Further, in this case, there was a "pattern of violence against women" not adequately taken into account in the guidelines. (ST, 38-39). Judge O'Grady found substantial and compelling reasons to depart from the sentencing guidelines.  He revoked petitioner's probation and sentenced him to 100 months to fifteen years' imprisonment, with credit for time served.  (ST, 38-41; Judgment of Sentence Commitment to Department of Corrections, ECF No. 30).

### B.     Subsequent Proceedings

Petitioner, through appellate counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals.  Petitioner raised the issues that now appear as the first three issues in his habeas corpus petition.  (Defendant-Appellant's Brief at vi, Statement of Questions Presented, ECF No. 21).   On February 23, 2010, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  (2/23/10 Order, ECF No. 21).

---

[3] *See People v. Castro-Isaquirre*, No. 242134, 2004 WL 737489, at * 2 (Mich. Ct. App. Apr. 6, 2004).

Petitioner filed an application for leave to appeal in Michigan's highest court. Petitioner sought leave to appeal on the issues rejected by the Michigan Court of Appeals. (Defendant-Appellant's Application for Leave to Appeal at vi, Statement of Questions Presented, ECF No. 22). On June 28, 2010, the Michigan Supreme Court denied petitioner's application for leave to appeal because it was not persuaded that question presented should be reviewed by the court. (6/28/10 Order, ECF No. 22).

On November 30, 2010, petitioner filed a motion in Branch County Circuit Court seeking relief from judgment. (Motion for Relief From Judgment, ECF No. 32). He raised the issues now found in Grounds IV through VII of his habeas corpus petition. (*Id.* at 4-5). On December 8, 2010, Judge O'Grady entered his opinion and order denying petitioner's motion for relief from judgment. (12/8/10 Opinion & Order, ECF No. 33). He rejected all petitioner's arguments for lack of merit. (*Id.* at 2). There were substantial and compelling reasons for the sentence imposed. (*Id.*). Any error was harmless in light of the overwhelming evidence against petitioner. (*Id.*). Judge O'Grady flatly rejected petitioner's claims of ineffective assistance of trial and appellate counsel for lack of merit. The performance of petitioner's trial and appellate attorneys did not fall below an objective standard of reasonableness. (*Id.*).

On March 24, 2011, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (3/24/11, ECF No. 23). On September 6, 2011, the Michigan Supreme Court denied leave to appeal on the same basis. (9/6/11 Order, ECF No. 24).

-10-

On December 8, 2011, petitioner filed his petition for federal habeas corpus relief. (Petition, ECF No. 1).

## Discussion

### I.    Sentencing

#### A.    Sentencing Guidelines

Grounds I, II, III, and VI are claims of error under Michigan's sentencing guidelines.  Ground I is petitioner's argument that the court erred in scoring OV 4 by including ten points for the extreme psychological injury which placed petitioner in a higher sentencing grid under the Michigan's sentencing guidelines.  Ground II is petitioner's claim that the trial court erred in scoring fifty points under OV 11 for multiple penetrations arising out of the sentencing offense since there was only one sexual incident that occurred between petitioner and the victim in the basement of the victim's house.  In Ground III, petitioner argues that the trial court failed to find substantial verifiable factors justifying and upward departure in the guidelines to 100 months minimum sentence.  (Petition at 2-3, ECF No. 1, PageID.2-3; Petitioner's Brief at 4-10, ECF No. 1, PageID.14-20).  Ground VI is petitioner's claim that he was sentenced on the basis of inaccurate information where the trial court improperly assessed ten points under OV 4 and fifty points under OV 11.  (Petition at 2-3, ECF No. 1, PageID.2-3; Petitioner's Brief at 20-23, ECF No. 1, PageID.30-34).

Petitioner's claims that the sentencing guidelines were not accurately scored is, standing alone, a claim that is not cognizable on habeas review.  "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States.' " *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).   Federal habeas corpus relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Claims concerning the improper scoring of sentencing guidelines are state-law claims that typically are not cognizable in habeas corpus proceedings. *See Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016); *see also Howard v. White*, 76 F. App'x. 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").   Likewise, petitioner's claim challenging the trial court's upward departure from the recommended minimum sentencing range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x at 53; *see also Stowe v. Klee*, No. 2:15-cv-12057, 2015 WL 3745207, at *3 (E.D. Mich. June 15, 2015) (collecting cases); *Justila v Woods*, No. 2:14-cv-197, 2014 WL 5160337, at *2-3 (W.D. Mich. Oct. 14, 2014) (same).

Petitioner disagrees with the factual findings made, as well as the inferences drawn, by the trial judge in scoring offense variables. As the Supreme Court made clear in *Townsend v. Burke*, 334 U.S. 736 (1948), an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law.   Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree.   But even an

erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.

Petitioner, through counsel, objected to the scoring of a number of offense variables at the sentencing hearing. The trial court heard petitioner's arguments, found that they were not persuasive, and concluded that scores were correct. Moreover, the Michigan Court of Appeals rejected petitioner's arguments for lack of merit.

While petitioner disputes the trial court's findings, he has offered nothing to show that they were materially false. Accordingly, he falls far short of establishing a due process violation under *Townsend*. *See Cassarrubias v. Prelesnik*, No. 1:09-cv-1172, 2014 WL 1338172, at *10 (W.D. Mich. Mar. 31, 2014). Further, petitioner has not addressed or satisfied his burden under 28 U.S.C. § 2254(d).

B.    Due Process

Ground V is petitioner's claim that his rights under the Fourteenth Amendment's Due Process clause were violated because the trial court improperly considered his prior uncounseled misdemeanor convictions. (Petition at 2, ECF No. 1, PageID.2; Petitioner's Brief at 17-19, ECF No. 1, PageID.27-29).

In *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979), the Supreme Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Subsequently, in *Nichols v. United States*, 511 U.S. 738, 749 (1994), the Supreme Court

-13-

held that "an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."

Petitioner had five misdemeanor convictions. He received suspended jail sentences on the first four. (ECF No. 15, PageID.141-43). Because petitioner was not sentenced to a term of incarceration for these misdemeanor offenses, they could validly be used to enhance his current sentence.

With regard to the fifth misdemeanor conviction, petitioner's reference to the PSIR alone is not sufficient to carry his burden of establishing an uncounseled conviction. It was petitioner's burden to show both that he was without counsel at the time he entered his no contest plea, and that the presence of counsel was not validly waived. *Hobson v. Robinson*, 27 F. App'x 443, 445 (6th Cir. 2001); *see also Rhea v. Jones*, 662 F. Supp. 2d 562, 586-87 (W.D. Mich. 2008); *accord Hadley v. Harry*, No. 09-cv-10297, 2014 WL 2765723, at *1-2, (E.D. Mich. June 18, 2014); *Moore v. Howes*, No. 07-11844, 2009 WL 55922, at *6 (E.D. Mich. Jan. 8, 2009).

In any event, the purported error was harmless. Removing petitioner's fifth misdemeanor conviction would not impact his sentencing guidelines range. "Under PRV 5, the court scores certain points based on the number of prior misdemeanor convictions. Specifically, the court scores 20 points for seven or more prior misdemeanor convictions, 15 points for 5-6 prior misdemeanor convictions, 10 points for 3-4 prior misdemeanor convictions, 5 points for 2 prior misdemeanor convictions, and 2 points for 1 prior misdemeanor conviction." *Moore v. Howes*, 2009 WL 55922, at

-14-

*6 (citing MICH. COMP. LAWS § 777.55).  Petitioner's total PRV score had been 20 (15

on PRV 5 and 5 on PRV 6), which placed him at PRV level C.  (ECF No. PageID.151).

PRV level C applies to scores of 10 to 24 points.  *See* MICH. COMP. LAWS § 777.62.

Eliminating petitioner's fifth misdemeanor would have resulted in a five point

reduction of his total PRV score down to 15.  This adjustment would leave petitioner

well within PRV level C.  Because the same guidelines range would apply regardless

of whether the fifth misdemeanor conviction was included, any error in its inclusion

was harmless.  *Moore v. Howes*, 2009 WL 55922, at * 7; *see also Beavers v. Alford*, 582

F. Supp. 1504, 1506 (W.D. Okla. 1984) ("[W]here enhancement could have been based

on other convictions, reliance on an invalid one is harmless."); *accord  United States v.

Zuniga-Lazaro*, 388 F.3d 308, 316-17 (7th Cir. 2004) (error in scoring guidelines

harmless where same guidelines range would result from correct scoring); *Bennett v.

Klee*, No. 2:11-cv-14160, 2014 WL 4315877, at *31 (E.D. Mich. Mar. 11, 2014).

"More fundamentally, however, there was nothing improper in the trial court's

use of these allegedly uncounseled convictions in sentencing petitioner within the

guidelines, or even in departing upward from the guidelines.  The Supreme Court has

never held that previous uncounseled misdemeanor convictions can never be used in

determining an appropriate sentence."  *Moore v. Howes*, 2009 WL 55922, at * 7.  In

*Nichols v. United States*, the Supreme Court overruled *Baldasar v. Illinois*, 446 U.S.

222  (1980).  *See Nichols*, 446 U.S. at 748-49.  Even before the Supreme Court

overruled *Baldasar*, the federal courts recognized the limited scope of the Court's

holding in *Baldasar*: an uncounseled misdemeanor conviction could not "be used under

an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term."   446 U.S. at 222.   "[T]he holding of *Baldasar* [was] limited to prohibiting the elevation of a misdemeanor to a felony by reason of an uncounseled conviction[.]"   *United States v. Falesbork*, 5 F.3d 715, 718 (4th Cir.1993); *see United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993); *accord Whorton v. Klee*, No. 2:10-cv-13902, 2012 WL 5844196, at *22 (E.D. Mich. Oct. 26, 2012).

I find that Ground V does not provide a basis for federal habeas corpus relief. Petitioner has not an cannot establish his entitlement to relief under 28 U.S.C. § 2254(d).

## II.   Assistance of Counsel

### A.   <u>Trial Counsel</u>

In Ground IV, petitioner argues that his trial attorney was ineffective because he failed to investigate, failed to prepare for sentencing by not producing conflicting documents and new case law to the court to ensure that petitioner would be sentenced on accurate information, and failed to challenge the assessment under PRV-5 where prior uncounseled misdemeanors were being scored.   (Petition at 2, ECF No. 1, PageID.2; Petitioner's Brief at 11-16, ECF No. 1, PageID.21-26).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.   To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or

fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, the court focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "[T]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the Michigan courts decided petitioner's claims of ineffective assistance of counsel on their merits, the decisions must be afforded deference under AEDPA. *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 131 S. Ct. at 784. To receive habeas relief, petitioner must demonstrate that the state courts' decisions were contrary to, or represented an unreasonable application of, *Strickland v. Washington. See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decisions applied *Strickland* incorrectly. Rather, petitioner must show that the state courts "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (2013). "[B]ecause the *Strickland* standard

is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *see Ballinger v. Prelesnik*, 709 F.3d 558, 563 (6th Cir. 2013). Petitioner must show that the state court's ruling on the claim being presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (*per curiam*).

Petitioner has not addressed, much less carried his burden under 28 U.S.C. § 2254(d)(1). I find that the trial court's decision rejecting all petitioner's claims of ineffective assistance of trial counsel withstands scrutiny under the doubly-deferential AEDPA standard of review.

B.    Appellate Counsel

Ground VII is petitioner's claim that his appellate counsel was ineffective for failure to raise the issues that petitioner presented in his motion for relief from

-18-

judgment. (Petition at 3, ECF No. 1, PageID.3; Petitioner's Brief at 24-25, ECF No. 1, PageID.34-35).

In the case of appellate counsel, petitioner has no constitutional right to have every nonfrivolous issue raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Appellate counsel acts within the fair range of professional assistance when counsel chooses not to assert weak or unsupported issues on appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). " 'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy." *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. at 751-52). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

To overcome the presumption of competence of appellate counsel in these circumstances, petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.*; *see Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012) (Petitioner "must show the issues his appellate counsel failed to raise were 'clearly stronger' than the issues his counsel did raise – and that the state court lacked a reasonable basis for believing otherwise.") (citation omitted). Appellate counsel has no duty to raise meritless issues. *Evitts*, 469 U.S. at 394; *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694. Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

Judge O'Grady found that petitioner's appellate counsel had not been ineffective when he decided not to raise these issues on appeal. The issues petitioner raised in his motion for postconviction relief were meritless, were not clearly stronger than the issues raised by appellate counsel, and there is not a reasonable probability that inclusion of those issues would have changed the result of the appeal.

The decision of the state court rejecting petitioner's claim of ineffective assistance of appellate counsel withstands scrutiny under the doubly-deferential standard of review. The state-court decision rejecting petitioner's claims of ineffective assistance of appellate counsel was not "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## III.  Certificate of Appealability

Should the Court deny the petition, it must determine whether a certificate of appealability should be granted.  28 U.S.C. § 2253(c)(2).  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. at 484.  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

Examining petitioner's claims under the standard in *Slack*, reasonable jurists would not conclude this Court's assessment of petitioner's claims to be debatable or wrong.  Accordingly, I recommend that the Court deny petitioner a certificate of appealability.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied on its merits.

Dated:  November 5, 2016          /s/  Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).